United States District Court
Southern District of Texas
**ENTERED**
March 28, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GRAHAM SONNENBERG, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. H-21-3149 |
| | § | |
| STACY L. BARRERA, *et al.*, | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a state inmate proceeding *pro se* at the time, filed a complaint under 42 U.S.C. § 1983 against Texas Department of Criminal Justice ("TDCJ") employees Stacy Barrera, Wilbert Orphey, and Stacy Lammers, and University of Texas Medical Branch – Correctional Managed Care employee Rabiah Houston. (Docket Entry No. 1.)

Defendants Orphey and Lammers filed a motion to dismiss plaintiff's claims against them for negligence, gross negligence, and conspiracy. (Docket Entry No. 24.) Plaintiff filed no opposition to the motion.

Defendants Barrera, Orphey, and Houston filed a motion for summary judgment. (Docket Entry No. 36.) Plaintiff, who was released to parole in May 2022, retained counsel and filed a response in opposition (Docket Entry No. 44). The defendants filed a reply (Docket Entry No. 48), to which plaintiff filed a sur-reply (Docket Entry No. 50).

Also pending before the Court is the defendants' motion to strike plaintiff's summary judgment response exhibits (Docket Entry No. 47), to which plaintiff filed a response in opposition (Docket Entry No. 49).

Having considered the motions, the responses, the reply and sur-reply, the probative summary judgment evidence, the record, and the applicable law, the Court **GRANTS** the motion to dismiss, **DENIES** the defendants' motion to strike, **GRANTS** the motion for summary judgment, and **DISMISSES** this lawsuit for the reasons shown below.

## I.  BACKGROUND AND CLAIMS

Plaintiff alleges that, on November 15, 2019, while housed at the Jester 3 Unit, he was punched in the face without provocation by inmate Scotty J. Bridges. Plaintiff was transported to a nearby hospital, where he underwent surgery to repair orbital bone and upper jaw fractures.

Plaintiff claims that defendants Barrera and Houston were deliberately indifferent and failed to protect him from harm in that they knew Bridges had a history of mental illness and violent tendencies but failed to house Bridges away from him.  He further claims that defendants Orphey and Lammers lodged false disciplinary charges against him for fighting with Bridges.  Plaintiff was found guilty of the charges, but the disciplinary conviction was set aside on administrative appeal.  Plaintiff claims that Orphey and Lammers were negligent and grossly negligent in lodging the fraudulent disciplinary charges, and that they conspired

against him.  Plaintiff seeks monetary damages against the defendants in their individual capacities.

Defendants contend in their motion for summary judgment that plaintiff failed to exhaust his administrative grievances prior to filing this lawsuit, and that his claims must be dismissed for failure to exhaust.  Although defendants also seek summary judgment on other grounds, the Court will grant summary judgment on their affirmative defense of failure to exhaust, pretermitting the remaining grounds for summary judgment.

## II.  LEGAL STANDARDS

### A.    FRCP 12(b)(1)

Under Federal Rule of Civil Procedure ("FRCP") 12(b)(1), a party may move to dismiss an action when it seeks to challenge the subject matter jurisdiction of a district court in a case.  FED. R. CIV. P. 12(b)(1).  "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

The burden of proof for a FRCP 12(b)(1) motion is always borne by the party claiming jurisdiction.  *Id.*  When a party also files a motion under FRCP 12(b)(6), "the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Id.*

3

B.    FRCP 12(b)(6)

A complaint will survive dismissal for failure to state a claim under FRCP 12(b)(6) if it contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* All well-pleaded facts are viewed in the light most favorable to the plaintiff, but plaintiff must allege facts that support the elements of the cause of action in order to present a valid claim. *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010).

C.    FRCP 56

Summary judgment under FRCP 56 is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). If the movant satisfies its initial responsibility of showing the absence of a genuine issue of material fact, the burden shifts to the nonmovant to identify specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317 106, 323 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The summary judgment process does not involve weighing the evidence or determining the truth of the matter. The task is solely to determine whether a genuine issue

4

exists that would allow a reasonable jury to return a verdict for the nonmoving party. *Smith v. Harris County*, 956 F.3d 311, 316 (5th Cir. 2020).  Disputed factual issues must be resolved in favor of the nonmoving party. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  All reasonable inferences must also be drawn in the light most favorable to the nonmoving party. *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008).

## III.  MOTION TO DISMISS

Plaintiff asserts negligence and gross negligence claims against defendants Orphey and Lammers in their individual capacities, and argues that they conspired against him. Orphey and Lammers filed a motion to dismiss the negligence and gross negligence claims under FRCP 12(b)(1) for lack of subject matter jurisdiction and to dismiss the conspiracy claim under FRCP 12(b)(6) for failure to state a claim.  (Docket Entry No. 24.)  Plaintiff has not opposed the motion.

Plaintiff contends that defendants Orphey and Lammers were negligent or grossly negligent because they planned a scheme to discipline him in order to cover up Bridges's assault, which plaintiff claims damaged his record, future program considerations, or stigmatized his consideration for parole.[1]  Defendants argue that negligence and gross negligence are state law claims that cannot be brought under section 1983 and must be

_____

[1]The Court notes that the disciplinary conviction was set aside, and that plaintiff reports he was released to parole in May 2022.

pursued, if at all, under the Texas Tort Claims Act ("TTCA"). They contend that plaintiff's

conspiracy claim lacks merit under FRCP 12(b)(6).

Under the TTCA, "[a] governmental unit in the state is liable for: . . . personal injury

and death so caused by a condition or use of tangible personal or real property if the

governmental unit would, were it a private person, be liable to the claimant according to

Texas law." TEX. CIV. PRAC. & REM. CODE § 101.021(2). The TTCA does not, however,

include individuals under its definition of a governmental unit. *See Goodman v. Harris

County*, 571 F.3d 388, 394 (5th Cir. 2009). Individuals may not be sued under the TTCA as

the act "does not govern suits brought directly against an employee of the State." *Id.*

Moreover, plaintiff's factual allegations fail to state a claim for relief as to his

conspiracy allegations. To prevail on a conspiracy claim under section 1983, a plaintiff must

establish the existence of a conspiracy and deprivation of a civil right in furtherance of that

conspiracy. *See Hale v. Townley*, 45 F.3d 914, 920 (5th Cir. 1995). Conclusory assertions

of a conspiracy do not suffice. *Thompson v. Johnson*, 348 F. App'x 919, 923–24 (5th Cir.

2009). In his complaint, plaintiff alleges that Orphey and Lammers planned a scheme to

cover up Bridges's assault by bringing disciplinary charges against plaintiff. According to

plaintiff, "[i]f defendants Orphey and Lammers can make it appear that plaintiff engaged in

a fight, then plaintiff's injuries would be justified, and no liability would occur." (Docket

Entry No. 1, pp. 11–12.) These speculative and conclusory allegations are insufficient to

plead a viable claim for conspiracy under section 1983. Even so, Orphey and Lammers are

6

both employed by TDCJ, and they cannot legally conspire with one another because TDCJ employees constitute one "single legal entity which is incapable of conspiring with itself." *See Thornton v. Merchant*, 526 F. App'x 385, 388 (5th Cir. 2013).

The motion to dismiss filed by defendants Orphey and Lammers is **GRANTED**. Plaintiff's claims for negligence and gross negligence are **DISMISSED WITHOUT PREJUDICE**. Plaintiff's claim for conspiracy is **DISMISSED WITH PREJUDICE**.

## IV.   MOTION TO STRIKE

Defendants move to strike plaintiff's summary judgment response exhibits (Docket Entry No. 47).  As grounds, defendants contend that the affidavits of eight other inmates submitted by plaintiff in his response should be stricken as they are unsworn and provide no probative evidence in support of plaintiff's claims.   Defendants further contend that plaintiff's medical records and prison policy exhibits are unauthenticated and do not constitute probative summary judgment evidence.  The Court will consider the defendants' motion to strike in context of their motion for summary judgment predicated on their affirmative defense for failure to exhaust.

Defendants' challenges to the inmates' affidavits as unsworn go to the form of the evidence, not their substance or content, and provide no basis for striking the exhibits in this summary judgment proceeding. *See Lee v. Offshore Logistical and Transport, L.L.C.*, 859 F.3d 353, 354–55 (5th Cir. 2017).  The Court notes also that the affidavits were made under penalty of perjury; unsworn declarations that comply with 28 U.S.C. § 1746 may be used to

7

support a factual assertion under Rule 56(c)(1)(A). *See, e.g., Ion v. Chevron USA, Inc.*, 731 F.3d 379, 382 n. 2 (5th Cir. 2013).

Defendants' objections to certain allegations made within the affidavits as irrelevant and immaterial challenge the substance and content of the exhibits. However, their objections go to the merits of the summary judgment proceeding, and do not constitute grounds for striking the affidavits.

Defendants further object that prison policy exhibits submitted by plaintiff in his opposition to the motion for summary judgment are unauthenticated. However, "it is not dispositive whether the [disputed materials] in their current form are admissible in evidence. At the summary judgment stage, materials cited to support or dispute a fact need only be capable of being presented in a form that would be admissible in evidence." *LSR Consulting, L.L.C. v. Wells Fargo Bank, N.A.*, 835 F.3d 530, 534 (5th Cir. 2016) (cleaned up); FED. R. CIV. P. 56(c)(2). Here, the prison policy exhibits submitted by plaintiff are capable of being presented in a form that would be admissible in evidence under FRCP 56(c)(2). *See, e.g.,* FED. R. EVID. 803(6), 901. FRCP 56 and current case law do not require plaintiff's prison policy exhibits to be authenticated at the summary judgment stage. *See Lee*, 859 F.3d at 355.

For these reasons, defendants' motion to strike plaintiff's summary judgment response exhibits (Docket Entry No. 47) is **DENIED**.

## V.  MOTION FOR SUMMARY JUDGMENT

Defendants Barrera, Orphey, and Houston filed a motion for summary judgment (Docket Entry No. 36), to which plaintiff filed a response (Docket Entry No. 44).  In turn, the defendants filed a reply (Docket Entry No. 48) and plaintiff filed a sur-reply (Docket Entry No. 50).

Plaintiff alleges that the defendants were deliberately indifferent to his safety in violation of his Eighth Amendment rights.  In support, he argues that they improperly housed plaintiff and inmate Bridges in the same dorm, despite knowing that Bridges had a history of mental illness and violence.  Defendants contend that plaintiff failed to exhaust his administrative remedies prior to filing suit and that his Eighth Amendment claims must be dismissed.

### A.    Legal Standards

It is well settled that prisoners must exhaust all available prison administrative grievance procedures in accordance with the applicable rules, including deadlines, prior to filing suit under section 1983.  *Woodford v. Nygo*, 548 U.S. 81, 88 (2006).  "District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint." *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). Because "pre-filing exhaustion is mandatory," a lawsuit must be dismissed if available administrative remedies were not exhausted. *Id.*

In the Fifth Circuit, a "strict approach" is taken to the exhaustion requirement. *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003).  It is undisputed that the TDCJ prison system has a two-step formal grievance process, in which prisoners must file timely step 1 and step 2 grievances. *See Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004).  A grievance must be pursued through both steps in order to be "exhausted." *Id.*

The failure to exhaust administrative remedies is an affirmative defense on which prison officials bear the burden of proof. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *see also Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) (noting that prison officials "must establish beyond peradventure all of the essential elements of the defense of exhaustion"). For purposes of summary judgment proceedings, a plaintiff must provide more than conclusory assertions of missing grievances in order to create a genuine dispute as to exhaustion. *See Garner v. Moore*, 536 F. App'x 446, 449 (5th Cir. 2013).

B.     Analysis

Plaintiff argues that he filed his step 1 grievance on November 26, 2019, and that he never received a response from prison officials.  The defendants argue that they never received a step 1 grievance from plaintiff and have no record of one being filed, and that plaintiff did not pursue a step 2 grievance.

In support of his assertion that he filed a step 1 grievance, plaintiff submits an affidavit from a fellow prisoner who helped him prepare the grievance.  The inmate states as follows:

> [Plaintiff] asked me for assistance in filing a Step #1 grievance on the assault
> and other events. After going over all the facts, I typed up a Step #1 grievance.
> I know [plaintiff] filed it, because on the way back from chow, I seen [*sic*]
> [plaintiff] place it in the grievance box.

(Docket Entry No. 44-3, p. 1.)   Although the inmate does not identify the date these events

took place, plaintiff states in his own summary judgment affidavit that he placed the step 1

grievance in a grievance mailbox at the Jester 3 Unit on November 26, 2019. (Docket Entry

No. 44-17, p. 2.) Construed together, these affidavits show that plaintiff completed and filed

a step 1 grievance on November 26, 2019, grieving the incident of November 15, 2019.

Thus, plaintiff raises a genuine issue of material fact refuting defendants' claim that he failed

to file a step 1 grievance.[2]

In their ensuing reply brief in support of summary judgment, defendants augment their

earlier argument by adding that, even assuming plaintiff filed a step 1 grievance and received

no response, he failed to exhaust as he did not pursue a step 2 grievance. (Docket Entry No.

48, pp. 3–5.)   Plaintiff attempts to counter this argument by stating in his sur-reply that he

exhausted his step 2 grievance requirement by sending a complaint letter directly to TDCJ

Executive Director Bryan Collier after prison officials failed to respond to his step 1

grievance. (Docket Entry No. 50, p. 2.) According to plaintiff, his letter to Collier put prison

---

[2]Plaintiff submits six affidavits from other inmates at the Jester 3 Unit, narrating anecdotal difficulties they themselves experienced in attempting to pursue prison grievances at the unit. The inmates uniformly contend that a grievance officer intentionally mishandled or lost their grievances. (Docket Entries No. 44-3, 44-6, 44-7, 44-8, 44-9, 44-10.)  These affidavits, however, do not raise a genuine issue of material fact as to whether plaintiff filed a step 1 grievance in this instance.

officials on notice of his complaints and sufficed as a step 2 grievance. However, inherent in plaintiff's argument is his acknowledgment that the letter to Collier was not a formal step 2 grievance; indeed, he clearly contends that the letter should be held to suffice as a step 2 grievance. This is a creative but misplaced argument, given that plaintiff's letter side-stepped the grievance process entirely. *See, e.g., Dillon v. Rogers*, 596 F.3d 260, 268 (5th Cir. 2010) (holding that "substantial compliance" with administrative remedy procedures does not satisfy exhaustion). Plaintiff presents no probative summary judgment evidence that the TDCJ grievance process allows prisoners to send letters to the TDCJ Executive Director in lieu of filing formal step 2 grievances. Thus, in arguing that his letter to Collier effectively sufficed as a step 2 grievance, plaintiff raises no genuine issue of material fact precluding the granting of defendants' motion for summary judgment predicated on his failure to exhaust.

Defendants' motion for summary judgment on their affirmative defense of failure to exhaust is **GRANTED**, and plaintiff's Eighth Amendment claims against the defendants are **DISMISSED WITH PREJUDICE** for failure to exhaust.

## VI.  CONCLUSION

For the above reasons, the Court **ORDERS** as follows:

1.  The motion to dismiss filed by defendants Wilbert Orphey and Stacy Lammers (Docket Entry No. 24) is **GRANTED**.

2.  Plaintiff's claims for negligence and gross negligence against defendants Wilbert Orphey and Stacy Lammers are **DISMISSED WITHOUT PREJUDICE**.

3.    Plaintiff's claim for conspiracy against defendants Wilbert Orphey and Stacy Lammers is **DISMISSED WITH PREJUDICE**.

4.    The defendants' motion to strike (Docket Entry No. 47) is **DENIED**.

5.    The motion for summary judgment filed by defendants Stacy Barrera, Wilbert Orphey, and Rabiah Houston (Docket Entry No. 36) is **GRANTED**.

6.    Plaintiff's Eighth Amendment claims against Stacy Barrera, Wilbert Orphey, and Rabiah Houston are **DISMISSED WITH PREJUDICE** for failure to exhaust.

7.    Any and all other pending motions are **DENIED**.

Signed at Houston, Texas, on this the 27th day of March, 2023.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE